**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4949-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHNNY J. FERGUSON,

    Defendant-Appellant.

_____

Submitted October 17, 2016 — Decided June 8, 2017

Before Judges Fisher and Ostrer.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 05-07-1611.

Joseph E. Krakora, Public Defender, attorney for appellant (Alan I. Smith, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Mary R. Juliano, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this appeal from the denial of his petition for post-conviction relief (PCR), defendant Johnny Ferguson collaterally challenges his conviction of third-degree burglary, N.J.S.A.

2C:18-2, third-degree attempt to endanger the welfare of a child, N.J.S.A. 2C:5-1 and 2C:24-4(a), and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a). In his plea hearing, defendant admitted that he entered a home in Asbury Park without permission at around midnight, entered a bedroom where three children were asleep, pulled down his pants, and ejaculated onto the underwear and bedding of a sleeping girl. One of the children later awoke to find defendant asleep on the bed with his genitals exposed.

Pursuant to his plea agreement, the court sentenced defendant to consecutive terms of four years on the burglary and attempted endangering charges, with an aggregate parole ineligibility period of four years. The court also sentenced him to a concurrent one-year term of imprisonment on his resisting arrest charge. In addition, the court imposed parole supervision for life (PSL). The court entered the judgment of conviction on June 8, 2006.

Defendant filed his pro se petition in April 2014, well beyond the five-year deadline to file a PCR petition.[1] See R. 3:22-12. He asserted that his conviction did not qualify for PSL. He noted that since his release, he had been twice convicted for violating PSL.

---

[1] The petition was dated April 9, 2014. The precise date of filing is not reflected in the record. He was assigned counsel in July 2014.

In an attorney-assisted brief, defendant argued that his neglect in filing his petition within the five-year period was reasonable because he was not aware of the consequences of his plea until he had been paroled from prison. He also argued that his allocution did not present a sufficient factual basis for his endangering conviction, which had qualified him for PSL. Last, he argued that his trial attorney was ineffective in failing to recognize this insufficiency and convincing him to plead guilty.

The PCR court held that defendant's petition was time-barred by Rule 3:22-12. The court specifically noted that defendant's alleged ignorance of the PSL consequences of his plea was belied by the detailed colloquy with the court during the plea hearing. Furthermore, defendant's challenge to the factual basis of his plea was barred by Rule 3:22-4 because he could have raised it on direct appeal. The court also rejected a contention that defendant's counsel was ineffective because he failed to provide any evidence of his counsel's allegedly deficient performance.

On appeal, defendant argues the following points:

> POINT I
>
> THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE DEFENDANT ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE THAT HIS SIXTH AMENDMENT RIGHT TO BE PROTECTED BY TRIAL COUNSEL FROM ENTERING A GUILTY PLEA TO A CRIME HE DID NOT COMMIT, AND HIS SIXTH AMENDMENT RIGHT TO BE PROTECTED BY TRIAL

COUNSEL FROM BEING IMPROPERLY SENTENCED TO PAROLE SUPERVISION FOR LIFE, WERE VIOLATED.

POINT II

THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE THE PCR COURT MISAPPLIED THE PROCEDURAL BARS OF R. 3:22-4 AND R. 3:22-12.

Defendant's appeal lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We limit ourselves to the following brief comments.

Defendant failed to establish both excusable neglect and a fundamental injustice to justify consideration of his petition beyond the five-year time limit that Rule 3:22-12 imposes. Not only is defendant's argued ignorance of the PSL consequences of his plea belied by the plea colloquy, it is also unsupported by any competent evidence in the record. Defendant relies only on his counsel's certification, upon information and belief, that defendant was unaware of the consequences of his plea until his parole. See R. 1:6-6. Furthermore, defendant's alleged belated discovery that he had allegedly received inadequate advice as to the PSL consequences of his plea does not constitute excusable neglect. See State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013).

In any event, we discern no inadequacy in the factual basis of defendant's endangering conviction that would warrant a finding

that a fundamental injustice occurred, see State v. Nash, 212 N.J. 518, 547 (2013) (stating that a "fundamental-injustice claim" involves "some showing that an error or violation played a role in the determination of guilt" (internal quotation marks and citations omitted)), or a finding that defendant's trial counsel was ineffective based on "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987).

Defendant knowingly engaged in sexual conduct with a child by ejaculating on her while she slept. Such conduct "had the capacity to impair or debauch the morals of the child." State v. Bryant, 419 N.J. Super. 15, 18 (App. Div. 2011); see also N.J.S.A. 2C:24-4(a) (defining endangering the welfare of a child to include "engag[ing] in sexual conduct which would impair or debauch the morals of the child"). Contrary to what defendant seems to suggest, it is of no consequence that the victim was asleep when he ejaculated. Defendant expressly admitted his conduct was the sort that would impair or debauch a child's morals. Particularly inasmuch as defendant pleaded guilty to attempt, it is of no moment that the child did not awake to see defendant ejaculate. Cf. State v. Breitweiser, 373 N.J. Super. 271, 280-81, 283-85 (App.

Div. 2004) (affirming sexual assault conviction where the defendant stood closely behind an eight-year-old girl in a supermarket and masturbated under his clothes, but the child did not actually see the defendant's conduct), certif. denied, 182 N.J. 628 (2005).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION